IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICKEETA L. LOCKARD            :

    v.                         :   Civil Action No. DKC 14-1634
                                    Criminal Case No. TMD 13-9449

UNITED STATES OF AMERICA       :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion of Petitioner Rickeeta L. Lockard ("Ms. Lockard" or "Petitioner") to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. (ECF No. 1). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

**I. Background**

On November 21, 2013, Petitioner Rickeeta Lockard appeared before United States Magistrate Judge Thomas M. DiGirolamo and pleaded guilty to driving under the influence of alcohol, in violation of 36 C.F.R. § 4.23(a)(2). On the same date, she was sentenced to a term of probation of one year. Additional conditions of probation included alcohol treatment and counseling, abstaining from alcohol use during the period of supervision, attending a victim impact program as directed by the probation officer, obtaining an alcohol restriction on her

license, and paying a special assessment and fine.  (ECF No. 3, at 3).[1]   The judgment of conviction was entered on December 3, 2013, and Petitioner did not file a notice of appeal.

On May 13, 2014, she filed the pending motion for a writ of error coram nobis.  Ms. Lockard asserts that on or around January 30, 2014, she received a notice form the Maryland Motor Vehicle Administration (MVA) that her driver's license was "disqualified" for one year as a result of her plea in this case.  (ECF No. 1 ¶ 3).  Ms. Lockard contends that she holds a Maryland Commercial Driver's License ("CDL") and works for the Washington Metropolitan Area Transit Authority ("WMATA"); because she is employed as a WMATA bus driver, the suspension of her driver's license threatens her job.  (*Id.* ¶ 4).  She appears to fault both the court and her trial counsel for failing to advise her of the potential collateral consequences of her plea, and seeks vacatur of her conviction.

On June 11, 2014, the undersigned issued an order construing Petitioner's motion as a Section 2255 petition and granting fourteen (14) days for her to withdraw the motion or supplement it to include any claims she may wish to bring pursuant to Section 2255.  (ECF No. 6).  On July 1, 2014, the Government was ordered to respond to the habeas petition.  (ECF

---

[1] Unless otherwise noted, references herein are made to the civil docket.

No. 7).  The Government filed a response to the habeas petition On July 19, 2014 (ECF No. 8), and Petitioner replied on July 31, 2014 (ECF No. 9).[2]

**II. Standard of Review**

28 U.S.C. § 2255 requires a petitioner asserting constitutional error to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  If the Section 2255 motion, along with the files and records of the case, conclusively shows the petitioner is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be summarily denied.  See 28 U.S.C. § 2255(b).

**III. Analysis**

    **A.   Habeas Petition**

Petitioner asserts that because she was not informed about the possibility of having her driver's license revoked, her plea was not knowing, voluntary, and intelligent, and that she received ineffective representation by counsel.  The Government argues that any action taken by the MVA concerning Petitioner's driver's license is collateral and beyond the court's control.  (ECF No. 8, at 3).  In response, Petitioner asserts that "[i]n

---

[2] Petitioner also submitted a supplemental affidavit in support of her habeas petition on August 1, 2014.  (ECF No. 10).

order for a defendant to 'intelligently' enter a guilty plea to an alcohol-related offense, it seems clear that the judge – at the very least – should advise a defendant that there may be consequences to his or her driver's license or privilege." (ECF No. 9, at 2).

Fed.R.Crim.P 11 "sets out the information a court is to convey to ensure that a defendant who pleads guilty understands the consequences of the plea." *United States v. Nicholson*, 676 F.3d 376, 381 (4th Cir. 2012). "The Rule 11 colloquy is designed to provide a structure to protect the defendant against making an uninformed and involuntary decision to plead guilty and to protect the public from an unjust judgment of guilty when a public trial has not been conducted." *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003). "[A] court must inform the defendant of and determine that [she] understands the mandatory minimum penalty provided by law, if any; the maximum possible penalty provided by law for the offense to which the plea is offered; and any applicable forfeiture." *Nicholson*, 676 F.3d at 381.

"For a guilty plea to be constitutionally valid, a defendant must be made aware of all the direct, but not the collateral, consequences of [her] plea." *Meyer v. Branker*, 506 F.3d 358, 367-68 (4th Cir. 2007) (quotation marks omitted). "Direct consequences have a definite, immediate and largely

4

automatic effect on the range of the defendant's punishment. A consequence is collateral when it is uncertain *or beyond the direct control of the court*." *Id.* at 368 (emphasis added); *see also United States v. Gonzalez*, 202 F.3d 20, 27 (1st Cir. 2000), abrogated on other grounds by *Padilla v. Kentucky*, 559 U.S. 356 (2010) ("What renders a plea's effects collateral is not that they arise virtually by operation of law, but the fact that [the consequence] is not the sentence of the court which accepts the plea but of another agency over which the trial judge has no control and for which he has not responsibility." (quotation marks omitted)).

Here, the possibility that the MVA would revoke Ms. Lockard's driver's license for one year as a result of her guilty plea was a matter beyond the control and responsibility of the district court. In *Kratt v. Garvey*, 342 F.3d 475, 485 (6th Cir. 2003), the court held that a district court had no obligation to inform the defendant that his pilot's license would be revoked as a result of his guilty plea, because the license revocation was a matter beyond the control and responsibility of the district court. *See also United States v. Stell*, 207 F.App'x 546, 549 (6th Cir. 2006) (finding that the possibility that "Ohio authorities will use Stell's instant conviction as a parole violation to extend his term of imprisonment for his earlier state convictions, being a matter

5

beyond the control and responsibility of the district court, is a collateral consequence. As such, the district court was not obligated to inform Stell of the parole violation consequences."). In contrast, where suspension of a defendant's driver's license was an automatic and direct consequence of his plea, to be effected by the same court that accepted his plea, the court's failure to advise him of this consequence was deemed to render the plea not "knowing."  *Hall v. Gainsheimer*, 137 F.App'x 866, 869 (6th Cir. 2005).

Petitioner argues that "the judge conducting the Rule 11 proceeding should have at least indicated that there are potential MVA consequences to her plea," but cites no case-law to support this position.  (ECF No. 9, at 2).  Indeed, cases involving analogous facts have concluded that defendants need not be informed of such collateral consequences. For instance, in *Moore v. Hinton*, 513 F.2d 781, 782-83 (4th Cir. 1975), defendants argued that they were not advised, as a result of their guilty plea, that the state Department of Public Safety would suspend their driver's license. The court rejected defendants' arguments:

> Of crucial importance here, however, is the fact that the Alabama Department of Public Safety, not the court, deprives the defendant of his license. . . . The court merely accepts the defendant's plea, and sentences him to a fine and/or imprisonment. The Department of Public Safety then

> institutes a separate proceeding for suspension of his license; this suspension is not, therefore, punishment imposed by the court as a result of the guilty plea, but a collateral consequence of the defendant's conviction. . . . We therefore [] hold that a defendant need not be informed, before pleading guilty to a charge of driving while intoxicated, that as a collateral consequence of his conviction, his driver's license will be suspended.

The same logic applies here. Petitioner herself states that the *MVA* took separate, administrative action concerning her driver's license, a consequence not imposed by the court as a result of the plea and beyond its direct control. *See Nicholson*, 676 F.3d at 382 ("[u]nder *Meyer*, it is dispositive that an individual or entity other than the district court was responsible for the termination of Nicholson's benefits.  The district court had neither control nor responsibility over that decision.").

Moreover, Plaintiff has not demonstrated that her counsel's failure to advise her that her driver's license may be "disqualified" for one-year as a consequence of her guilty plea constituted ineffective representation.  To establish ineffective assistance of counsel, the petitioner must show both that her attorney's performance fell below an objective standard of reasonableness and that she suffered actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In the context of a Section 2255 petition challenging a conviction following a guilty plea, a defendant establishes prejudice by

demonstrating "a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 Y.S. 52, 59 (1985); *accord United States v. Mooney*, 497 F.3d 397, 401 (4th Cir. 2007). Petitioner does not even argue that she would not have pled guilty had her counsel advised her that the MVA may suspend her driver's license as a result of the guilty plea. Thus, she cannot establish that she was prejudiced by the alleged deficiency.

Petitioner has failed to establish that her plea was other than knowing and voluntary and that her counsel's failure to advise her about the collateral consequences of her plea constituted ineffective representation. Accordingly, her habeas petition will be dismissed.

### B.  Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the undersigned is required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability is a "jurisdictional prerequisite" to an appeal "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a prisoner satisfies this standard by demonstrating that

reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review of the record, the undersigned finds that Petitioner does not satisfy the above standard.  Accordingly, it will decline to issue a certificate of appealability on the issues which have been resolved against Petitioner.

**IV. Conclusion**

For the foregoing reasons, the motion filed by Petitioner Rickeeta L. Lockard to vacate, set aside, or correct her sentence will be denied.  A separate order will follow.


                                    /s/
                            DEBORAH K. CHASANOW
                            United States District Judge